UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD C. SAPIEN,<br><br>    Plaintiff,<br><br>v.<br><br>AUDREY CHAPPELLE, et al.,<br><br>    Defendants. | CASE NO. 1:16-cv-0910-DAD-MJS<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF No. 1)**<br><br>**FIRST AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS** |

    Plaintiff is proceeding pro se and in forma pauperis in this action filed on June 24, 2016. Plaintiff's complaint is before the Court for screening.

**I.    Screening Requirement**

    The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.    Pleading Standard**

    A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### III. Plaintiff's Allegations

Plaintiff brings this action against Audrey Chappelle, "Sedgwick Claim Management [unintelligible]"; Jeremy Lusk, Attorney; Tobin-Lucks LLP; Foster Farms, Cherry Plant, Inc.; and Stericycle, Inc.

Plaintiff's allegations, which are factually sparse, may be fairly summarized as follows:

Plaintiff, who worked at Foster Farms "Cherry Plant" during an unspecified period of time, broke his collar bone on November 15, 2011.

Plaintiff accuses (1) Stericycle of failing to inform Plaintiff about a "Q.M.E." report from July 5, 2007, and (2) Foster Farms of failing to inform Plaintiff about a "Q.M.E." report from October 13, 2014. According to Plaintiff, a "Q.M.E. is a certified doctor that dispute [sic] difference between emplo[y]er and employee and always be followed with the request of the Q.M.E. for the employee." Compl. at 6.

Plaintiff asserts jurisdiction is proper in this Court under diversity citizenship and federal question—specifically, the Health Insurance Portability and Accountability Act ("HIPAA").

Plaintiff does not specify the relief that he seeks.

### IV. Analysis

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of

2

establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted).

Federal courts are constitutionally required to raise issues related to federal subject matter jurisdiction and may do so sua sponte. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). A federal court must satisfy itself of its jurisdiction over the subject matter before proceeding to the merits of the case. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 577, 583 (1999). Plaintiff bears the burden of demonstrating that jurisdiction is properly before the Court. See Thornhill Publ'g Co. v. General Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. Baker v. Carr, 369 U.S. 186, 198 (1962).

Plaintiff asserts that this case is before the Court pursuant to HIPAA.  HIPAA does not provide a private cause of action. Webb v. Smart Document Solutions, LLC, 499 F.3d 1078, 1082 (9th Cir. 2007) ("HIPAA itself does not provide for a private right of action") (citing 65 Fed. Reg. 82601 (Dec. 28, 2000)). There does not appear to be any other source of federal jurisdiction under the allegations asserted in the Complaint.

To invoke the Court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); Bautista v. Pan American World Airlines, Inc., 828 F.2d 546, 552 (9th Cir. 1987). Section 1332 of Title 28 requires complete diversity of citizenship and the presence "of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 679 (9th Cir. 2006) (citations omitted).

It appears that diversity jurisdiction is also lacking. Plaintiff has not specified the amount in controversy in the pleading. In addition, Plaintiff has not shown that the parties are completely diverse. To the contrary, the Complaint indicates that Plaintiff and at least some of the Defendants are residents of California. (Compl. at 2-3.)

Accordingly, the Complaint must be dismissed.

**V.     Conclusion and Order**

The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must address the deficiencies noted in this Screening Order. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George, 507 F.3d at 607. Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

4

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's June 24, 2016, Complaint is dismissed with leave to amend;
2. Within thirty (30) days from the service of this order, Plaintiff shall a first amended complaint curing the deficiencies identified by the Court in this Screening Order;
3. The Clerk of Court is directed to send Plaintiff a copy of his complaint filed on June 24, 2016, and a copy of the Pro Se Packet; and
4. If Plaintiff fails to file a first amended complaint or otherwise respond to this Order, the Court will dismiss this action, with prejudice, for failure to comply with a court order and failure to prosecute.

IT IS SO ORDERED.

Dated:   March 21, 2017                    /s/ *Michael J. Seng*
                                           UNITED STATES MAGISTRATE JUDGE