UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD C. SAPIEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AUDREY CHAPPELLE, et al.,<br><br>　　　　　Defendants. | CASE NO. 1:16-cv-0910-DAD-MJS<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITH PREJUDICE FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE**<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff is proceeding pro se and in forma pauperis in this action filed on June 24, 2016. On March 22, 2017, Plaintiff's complaint was dismissed for failure to state a claim. Plaintiff was then granted leave to file an amended complaint. When the deadline for filing an amended complaint passed, and Plaintiff had not filed a new pleading or otherwise responded to the Court's order, the undersigned issued Findings and Recommendations to dismiss this action. (ECF No. 6.)

Plaintiff thereafter filed a motion for extension of time to file his amended pleading. (ECF No. 7.) Accordingly, the undersigned vacated the previously-issued Findings and Recommendations and granted Plaintiff until November 30, 2017, to file his

amended pleading. That deadline has now passed, and Plaintiff has again failed to file a First Amended Complaint or otherwise respond to the Court's order.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."

District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate, default or dismissal." <u>Thompson v. Housing Auth.</u>, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. <u>See, e.g.</u>, <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); <u>Carey v. King</u>, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); <u>Malone v. U.S. Postal Service</u>, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In the instant case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting this action. <u>Anderson v. Air West</u>, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein, particularly where it is unclear whether the named Plaintiff is aware of this action or has brought it on his own behalf. Finally, as for the availability of lesser sanctions, at this stage in the proceedings there is little available

which would constitute a satisfactory lesser sanction while preserving scarce Court resources. Plaintiff has not paid the filing fee in this action, making monetary sanctions of little use.

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed with prejudice for failure to comply with the Court's order and failure to prosecute.

The findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __January 2, 2018__          /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE