# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CASAREZ SAPIEN,<br><br>Plaintiff,<br><br>v.<br><br>AUDREY CHAPPELLE, et al.,<br><br>Defendants. | Case No. 1:16-cv-0910-DAD-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S FIRST AMENDED COMPLAINT BE DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM, WITHOUT LEAVE TO AMEND<br><br>(ECF NO. 10)<br><br>**OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS** |

Richard Casarez Sapien ("Plaintiff") is proceeding pro se and in forma pauperis in this action filed on June 24, 2016. Before the Court is Plaintiff's First Amended Complaint, filed January 18, 2018 (ECF No. 10). For the reasons described below, the Court recommends dismissing the complaint for failure to state a claim without leave to amend.

**I.    BACKGROUND**

Plaintiff filed his initial complaint starting this case on June 24, 2016 (ECF No. 1). It claimed federal court jurisdiction based on diversity of citizenship. (ECF No. 1, at p. 3). Plaintiff's description of the claim was very brief, as follows:

1. Stericycle did not tell me about Q.M.E. report in 2007 injury. Notice of information July 5, 07.
2. Foster Farms did not tell me about QME report 10-13-14.

1

(ECF No. 5). In the section regarding amount in controversy, Plaintiff also wrote:

> Had plan to stay with Foster Farms for 20-years or more. Broken my collar bone right side. Not pay my 3% permanent for 2011 injury right side hernia 11-15-2011.

(ECF No. 1, at p. 5).

Magistrate Judge Michael J. Seng dismissed the complaint with leave to amend on March 22, 2017. (ECF No. 4). Judge Seng explained the pleading requirements to Plaintiff, stating:

> A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. *Id.* at 677-78.

(ECF No. 4, at p. 1-2). Judge Seng then stated that the complaint did not establish diversity jurisdiction because "the Complaint indicates that Plaintiff and at least some of the Defendants are residents of California." (ECF No. 4, at p. 4). Judge Seng provided leave to amend, but with additional instruction for any amended complaint:

> Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

(ECF No. 4, at p. 4).

Plaintiff initially failed to file any response to Judge Seng's order. Accordingly, on June 6, 2017, Judge Seng recommended dismissal with prejudice for failure to obey a court order and failure to prosecute. (ECF No. 6). On June 29, 2017, Plaintiff filed a motion for extension of time to file an amended complaint. (ECF No. 7). Judge Seng granted the extension and

vacated his Findings and Recommendations of dismissal. (ECF No. 8).

Plaintiff again failed to amend his complaint in the time provided. Accordingly, Judge Seng again recommended that the action be dismissed for failure to comply with the Court's order and failure to prosecute. (ECF No. 9).

Plaintiff filed his First Amended Complaint soon after (ECF No. 10), along with objections to the Findings and Recommendations (ECF No. 11). Judge Seng again vacated the Findings and Recommendations in light of Plaintiff's First Amended Complaint. (ECF No. 12).

Due to the retirement of Judge Seng from the bench, this case was assigned to the undersigned judge on April 19, 2018. (ECF No. 13).

**II.    SCREENING REQUIREMENT AND LEGAL STANDARDS**

The federal in forma pauperis ("IFP") statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Plaintiff must assist the court in determining whether or not the complaint is frivolous by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court); (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way); and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful; (2) construe those allegations in the light most favorable to the plaintiff; and (3) resolve all doubts in the plaintiff's favor. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960

3

(9th Cir. 2010).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### III.    PLAINTIFF'S FIRST AMENDED COMPLAINT

In Plaintiff's First Amended Complaint, the entire statement of claim is as follows:

> I did all my grievances according to Labor Law 2626 2627 and I still got denied of my benefits which I'm entitled to under Title II section 22 part A(7).

(ECF No. 10, at p. 5). Under the section regarding "relief," Plaintiff wrote:

> I don't know what that pay. All I want is what federal law and state and local law give a injury worker.

(ECF No. 10, at p. 6).

### IV.    ANALYSIS OF PLAINTIFF'S COMPLAINT

Plaintiff's complaint fails to state a claim under the legal standards listed above and provided in prior orders. Plaintiff provides almost no facts. It appears that at some point he was injured. He does not state the involvement of any defendant. He does not state why he is

4

entitled to relief. He does not refer to any federal, state, or local law. But it is not the Court's role to investigate every potential law that could apply. Nor could the Court do so based on the lack of facts given.

Plaintiff's one citation to law does not assist in this analysis. Plaintiff says he is "entitled to under Title II section 22, part A(7)." (ECF No. 10, at p. 5). But that section concerns the oath of the president. 2 U.S.C.A. § 22 ("When a President of the Senate has not taken the oath of office, it shall be administered to him by any Member of the Senate.").

Notably Plaintiff continues to assert diversity jurisdiction, although he has now added subject matter jurisdiction, even though he claims that the Plaintiff and at least one defendant reside in California. (ECF No. 10, at p. 2). In support of his assertion of federal subject matter jurisdiction, Plaintiff cites to the "Social Secerety [sic] Act," the "Privacy Act," "Labor 2626 2627," and "title II Section 22(7)." (ECF No. 10 at 4.) He does not, however, state a claim for relief that "arises under" the Constitution or federal law as required for subject matter jurisdiction. *See* 18 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

Plaintiff's bare assertions, without any relevant facts or law, fails to state a claim. A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

V. **CONCLUSION AND RECOMMENDATION**

The Court has screened the complaint and finds that it fails to state a cognizable claim under the relevant legal standards. The Court recommends dismissing Plaintiff's First Amended Complaint with prejudice for failure to state a claim.

The Court does not recommend granting leave to amend. This case has been pending for over two years. Plaintiff has repeatedly been advised that he needs to provide more facts and description of a claim in order to proceed. Plaintiff has also repeatedly ignored Court orders allowing leave to amend within a certain time in the past, and has reasserted allegations that the

Court has found legally insufficient.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's claims be DISMISSED with prejudice for failure to state a claim; and
2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 3, 2018**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE