UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CASAREZ SAPIEN,<br><br>Plaintiff,<br><br>v.<br><br>AUDREY CHAPPELLE, et al.,<br><br>Defendants. | No. 1:16-cv-00910-DAD-EPG<br><br>ORDER DENYING PLAINTIFF'S <u>OBJECTIONS CONSTRUED AS A MOTION FOR RECONSIDERATION</u><br><br>(Doc. No. 18) |

Plaintiff, Richard Casarez Sapien, is proceeding *pro se* and *in forma pauperis* with this action filed on June 24, 2016. On December 6, 2018, the undersigned adopted the assigned magistrate judge's findings and recommendations recommending that the action be dismissed with prejudice due to plaintiff's failure to state any claims upon which relief may be granted. (Doc. No. 16.)

On December 12, 2018, plaintiff filed a two-page handwritten letter with the court. (Doc. No. 18.) Although difficult to decipher, the letter appears to state, "I Richard Sapien, object to Dec 6 court order to close my case." (*Id.* at 1.) It further lists various entities, including "Foster Farms", "Stericycle Medical Waste", "Toblin Luck", and "Social Services SSI", along with various dates and addresses, and states that "all withheld notice of information to the employee that was very important to my health . . . relief wanted was federal, state, and local laws applied to a injury worker for U.S. State of America [sic]." (*Id.* at 1–2.)

1

The court construes plaintiff's objections as a motion for reconsideration of the December 6, 2018 order adopting the findings and recommendations. Rule 60(b) provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of judgment." Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted) (addressing reconsideration under Rules 60(b)(1)-(5)). The moving party "must demonstrate both injury and circumstances beyond his control[.]" *Id.* (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Here, it is unclear precisely what aspects of the court's December 6, 2018 order plaintiff seeks reconsideration of, and on what basis. Nonetheless, plaintiff fails to meet the requirements for granting a motion for reconsideration. Plaintiff has not shown mistake, inadvertence, surprise, or excusable neglect; he has also not shown the existence of either newly discovered evidence or fraud; has not established that the judgment is either void or satisfied; and has not presented any other reasons justifying relief from judgment. Moreover, the court's Local Rules require a showing that "new or different facts or circumstances claimed to exist which did not exist or were

not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).  Plaintiff has failed to make the required showing.  Indeed, plaintiff's filing does nothing to alter the magistrate judge's previous finding, adopted by the undersigned, that plaintiff fails to allege sufficient facts, fails to state the involvement of any defendant, and fails to state why plaintiff is entitled to relief.

Accordingly, plaintiff's filing (Doc. No. 18), construed as a motion for reconsideration, is denied.

IT IS SO ORDERED.

Dated: **February 12, 2019**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE